**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JOSE GONZALEZ, on behalf of himself and all others similarly situated,** <br><br> **Plaintiff,** <br><br> v. <br><br> **HARRIS RANCH BEEF COMPANY, a California corporation; HARRIS RANCH BEEF HOLDING COMPANY, a California corporation; HARRIS FARMS, INC., a California corporation; and DOES 2 through 10, inclusive,** <br><br> **Defendants.** <br><br> **HARRIS FARMS, INC., a California corporation,** <br><br> **Third-Party Complainant,** <br> v. <br> **SPRINGER-MILLER SYSTEMS, INC., a Vermont corporation and DOES 1-20, inclusive,** <br><br> **Third-Party-Defendants.** | 1:14-cv-00038-LJO-SAB <br><br> **ORDER FOR SUPPLEMENTAL BRIEFING** |

## I. INTRODUCTION

Third Party Defendants, Springer-Miller Systems, Inc., and Does 1-20, (collectively, "Springer-Miller") move to dismiss Harris Farms, Inc.'s, ("Harris Farms") Third-Party Complaint ("TPC") (incorrectly filed as a Cross-Complaint) Doc. 27. For the reasons discussed below, the Court orders the parties to file supplemental briefs on the issue of equitable indemnification.

## II. FACTUAL AND PROCEDURAL HISTORY

On December 4, 2013, Plaintiff Jose Gonzalez ("Gonzalez") brought an action on behalf of himself and all others similarly situated in the Superior Court of the State of California, County of Fresno, against Harris Farms, the owners and operators of a restaurant and country store, for printing

1

both the last five digits of Gonzalez's credit card along with its expiration date on Gonzalez's receipt in violation of the Fair and Accurate Credit Transactions Act ("FACTA"), an amendment to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681c(g). Doc. 2 at 7. Gonzalez sought damages under 15 U.S.C. § 1681n, which imposes actual damages of anywhere from $100 to $1,000 for willful violation of the FCRA. The case was removed to the United States District Court Eastern District of California, Fresno Division on January 10, 2014. Harris Farms brought filed the TPC on June 2, 2014, asserting causes of action for equitable indemnity, contribution, and declaratory relief against Springer-Miller. Doc. 20. Springer-Miller, a Vermont corporation, licensed hardware and software point-of-sale systems that allowed Harris Ranch to process credit cards. The two companies' business relationship was memorialized in a contract ("the Contract") entered into on June 10, 2004. Doc. 27-4 at 2. Springer-Miller filed a motion to dismiss the TPC on July 29, 2014, asserting that there is no right to indemnity or contribution under the FCRA and that any state law claims would be barred by the contract. Doc. 27. Harris Farms filed an opposition on September 15, 2014. Doc. 35. Springer-Miller replied on September 29, 2014. Doc. 37.The matter was taken under submission on the papers pursuant to Local Rule 230(g). Doc. 39.

### III. ORDER FOR SUPPLEMENTAL BRIEFING RE EQUITABLE INDEMNITY

After thoroughly reviewing the papers and conducting its own research, the Court orders additional briefing on the applicability of equitable indemnity to this case. All parties agree that, under California law, "a right to equitable indemnity 'is premised on a joint legal obligation to another for damages.' *Western Steamship Lines, Inc. V. San Pedro Peninsula Hospital*, 8 Cal. 4th 100, 114 (1994)." Doc. 35 at 19. It appears to be well settled that, in California, "equitable indemnity is only available among tortfeasors who are jointly and severally liable for the plaintiff's injury." *In re Medical Capital Securities Litigation* 842 F. Supp. 2d 1208, 1213 (C.D. Cal. 2012) (internal citations and quotation marks omitted).[1] The parties, however, fail to address that neither is alleged to have committed a tort.

---

[1] The parties dispute whether California law or Vermont law controls, as there is a choice of law provision in the Contract

"As a condition of equitable indemnity, there must be some basis for tort liability against the proposed indemnitor, usually involving breach of a duty owed to the plaintiff." *HCC Life Ins. Co. v. Managed Ben. Adm'rs LLC*, No. 207-CV-02542-MCE-DAD, 2008 WL 2439665, at *5 (E.D. Cal. June 12, 2008) (citing *Stonegate Homeowners Ass'n v. Staben*, 144 Cal. App. 4th 740, 751 (2006). As the underlying claims in this case concern an alleged violation of FACTA, the only equitable indemnity claim currently before this court is premised upon a federal statutory violation, not tort law.[2] At least one district court has found that it is an unsettled matter of California law whether a California statutory claim can form the basis for equitable indemnity. *Employers Insurance of Wausau v. Musick, Peeler & Garrett*, 948 F. Supp. 942, 944 (S.D. Cal. 1995) (discussing claims arising under the California Corporations Code). That same district court found, however, that a claim arising under the federal securities laws cannot form the basis for a California claim of equitable indemnity, as "federal contribution principles rather than state law indemnity principles govern liability spreading for federal securities law claims." *Id*.

Harris Farms is directed to file a supplemental brief, not exceeding 7 pages in length, on or before November 13, 2014, addressing whether a California claim of equitable indemnity can ever be premised upon an underlying violation of FACTA. Springer-Miller may file a response of equal length on or before November 20, 2014.

IT IS SO ORDERED.

Dated:   **November 5, 2014**          /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE

---

indicating the Contract "shall be governed by the laws of the State of Vermont." For a choice of law provision to apply to a dispute, the relevant claims must arise from the contract containing the choice of law provision. *Narayan v. EGL, Inc*., 616 F.3d 895, 899 (9th Cir. 2010). When the contract is tangential to a claim, the contract's choice of law provision will not apply. *Id*. In *Narayan*, for example,"[w]hile the contract [was] likely [to] be used as evidence to prove or disprove the statutory claims, the claims [did] not arise out of the contract, involve the interpretation of any contract terms, or otherwise require there to be a contract," so the choice of law provision in the contract did not control. *Id*. Likewise, here, there is no contract claim in the TPC, and the underlying claim against Harris Farms concerns FACTA. Accordingly, the Court evaluates the present equitable indemnity claim under California law. Even if Vermnot law applies, the same general principle appears to control under Vermont law: equitable indemnification operates "as an exception to the longstanding rule in Vermont barring contribution among joint tortfeasors." *Knisely v. Cent. Vermont Hosp.*, 171 Vt. 644, 646, 769 A.2d 5, 8 (2000).

[2] Harris Farms asserts that breach of contract and breach of fiduciary duty claims are available to it, but no such claim is presently before the Court.