# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GONZALEZ, on behalf of himself and all others similarly situated,<br><br>            Plaintiff,<br><br>    v.<br><br>HARRIS FARMS, INC., a California corporation,<br><br>            Defendants. | 1:14-cv-00038-LJO-SAB<br><br>**MEMORANDUM DECISION AND ORDER ON MOTION TO DISMISS (Doc. 27)** |
| HARRIS FARMS, INC., a California corporation,<br><br>            Third-Party Complainant,<br><br>    v.<br><br>SPRINGER-MILLER SYSTEMS, INC., a Vermont corporation and DOES 1-20, inclusive,<br><br>            Third-Party-Defendants. | |

## I. INTRODUCTION

Third Party Defendants, Springer-Miller Systems, Inc., and Does 1-20, (collectively, "Springer-Miller") move to dismiss Harris Farms, Inc.'s, ("Harris Farms") Third-Party Complaint (incorrectly filed as a Cross-Complaint) Doc. 27. For the reasons discussed below, the Court GRANTS Springer-Miller's motion with leave to amend.

## II. FACTUAL AND PROCEDURAL HISTORY

On December 4, 2013, Plaintiff Jose Gonzalez ("Gonzalez") brought an action on behalf of

1

himself and all others similarly situated in the Superior Court of the State of California, County of Fresno against Harris Farms, the owners and operators of a restaurant and country store, for printing both the last five digits of Gonzalez's credit card along with its expiration date on Gonzalez's receipt in violation of the Fair and Accurate Credit Transactions Act ("FACTA"), an amendment to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681c(g). Doc. 2 at 7. Gonzalez sought damages under 15 U.S.C. § 1681n which imposes actual damages of anywhere from $100 to $1,000 for willful violation of the FCRA. The case was removed to the United States District Court Eastern District of California, Fresno Division on January 10, 2014. Harris Farms brought a Third-Party Complaint for equitable indemnity, contribution, and declaratory relief against Springer-Miller on June 2, 2014. Doc. 20. Springer-Miller, a Vermont corporation, licensed hardware and software point of sales systems that allowed Harris Farms to process credit cards. The two companies' business relationship was memorialized in a contract entered into on June 10, 2004. Doc. 27-4 at 2. Springer-Miller responded with a motion to dismiss on July 29, 2014. Doc. 27. Harris Farms filed an opposition on September 15, 2014. Doc. 35. Springer-Miller replied on September 29, 2014. Doc. 37. The matter was taken under submission on the papers pursuant to Local Rule 230(g). Doc. 39.

On October 6, 2014, the Court ordered supplemental briefing regarding the applicability of equitable indemnity to the case. Doc. 45. Harris Farms submitted a supplemental brief on November 13, 2014 to which Springer-Miller responded on November 20. Docs. 46 and 47.

### III. STANDARD OF DECISION

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. A 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the Court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). There are, however,

two exceptions to this rule; first, the Court may consider documents, whose authenticity are not contested, that were submitted as part of the complaint, and documents that are matters of public record. *Lee v. City of Los Angeles*, 250 F. 3d 668, 688 (9th Cir. 2001).

To survive a 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Thus, "bare assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' . . . are not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend, unless an amendment would be futile. *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir.1990).

## IV. <u>ANALYSIS</u>

**A.     <u>Right to Indemnity and Contribution for Violations of Fair Credit Reporting Act</u>**

Harris Farms' claims for equitable indemnity and contribution arise from violations of the FCRA. The Court notes that as plead, the claims for indemnity and contribution are dependent on a federal statutory claim, as there are not currently any separate state law claims (e.g. for breach of contract). "In determining whether a federal statute that does not expressly provide for a particular private right of action nonetheless implicitly created that right, [the Court's] task is one of statutory construction." *Northwest Airlines, Inc. v. Transport Workers Union of America, AFL-CIO*, 451 U.S. 77, 91 (1981). Thus whether the right to indemnification or contribution exists under the FCRA is a question of federal law. *Id*.

A defendant held liable under a federal statute, such as the FCRA, has a right to indemnification or contribution from another only if such right arises in either one of two ways: "first, through the affirmative creation of a right of action by Congress, either expressly or by clear implication; or second, through the power of federal courts to fashion a federal common law of contribution." *Doherty v. Wireless Broadcasting Systems of Sacramento, Inc.*, 151 F.3d 1129, 1130-1131 (9th Cir. 1998), citing *Texas Industries, Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 638 (1981). The FCRA does not contain any provisions that expressly provide for a private right of indemnity, contribution, or declaratory relief, thus any right would either have to be implied or arise out of federal common law. 15 U.S.C. § 1681c(g).

Contribution or indemnification might be available if implied in the FCRA. Congressional intent may be discerned by looking to the legislative history and other factors: e.g., the identity of the class for whose benefit the statute was enacted, the overall legislative scheme, and the traditional role of the states in providing relief." *Texas Industries*, 451 U.S. at 639. Congress's intent in enacting the FCRA was to protect consumers; in particular the statute was enacted to protect consumer privacy. *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 52 (2007). FACTA was enacted "to prevent identity theft, improve resolution of consumer disputes, improve the accuracy of consumer records, [and] make improvements

4

in the use of, and consumer access to, credit information." Fair and Accurate Credit Transactions Act of 2003, Pub.L. No. 108-159, 117 Stat .1952, 1952 (2003). Harris Farms is not a consumer and therefore not a member of the class for whom the legislation was designed to protect. "Implying a right of contribution is particularly inappropriate where, as in this case, the party seeking contribution is a member of the class whose activities Congress intended to regulate for the protection and benefit of an entirely distinct class…and where there is no indication in the legislative history that Congress was concerned with softening the blow on joint wrongdoers." *Kim v. Fujikawa*, 871 F.2d 1427, 1433 (9th Cir. 1989). Harris Farms is a member of the class, entities that process credit cards, which Congress intended to regulate. "Nothing in [the] stated purposes of the [FCRA] would be undermined if [] Third-Party Plaintiffs were allowed to properly assert claims against [a] Third-Party Defendant for breach of contract. However, a statutorily based indemnification cause of action by Third-Party Plaintiffs against Third-Party Defendants would conflict with the statutes' purpose because it could, if successful, relieve the Defendants/Third-Party Plaintiffs of the obligations that they owe to Plaintiffs under the statutes." *Anderson v. Nelson*, No. CIV 10-1929 MJD/JJK, 2010 WL 4884670, at *4 (D. Minn. Nov. 4, 2010) *report and recommendation adopted* sub nom. *Anderson v. Action Sys., Inc*., No. CIV. 10-1929 MJD JJK, 2010 WL 4877818 (D. Minn. Nov. 23, 2010).

Additionally, "viewed against the indisputably comprehensive nature of the statutory scheme, Congress's failure to include such a remedy can only be understood to have been deliberate." *McSherry v. Capital One FSB*, 236 F.R.D. 516, 521 (W.D. Wash. 2006) (refusing to find a right to contribution or indemnity under the FCRA). The Supreme Court warned against reading additional remedies into a statue that expressly provides a particular remedy. *Transamerica Mortg. Advisors, Inc. v. Lewis*, 444 U.S. 11, 19 (1979) (addressing remedies under the Investment Advisors Act, 15 U.S.C. § 80b-1). "Where Congress has enacted a comprehensive legislative scheme, there is a strong presumption that Congress did not intend the courts to supplement the statutory remedies." *Doherty*, 151 F. 3d at 1131. As the FCRA clearly delineates provisions for civil liability and administrative remedies in 15 U.S.C. § 1681n, 1681o, and 1681s, the Court will not find an implied right to contribution or indemnity that does

not appear in the text.

"In areas where federal common law applies, the creation of a right to contribution may fall within the power of the federal courts." *Texas Industries, Inc*., 451 U.S. at 641. However, in order for the courts to "formulate federal common law" a "uniquely federal" interest must be implicated. Alternatively, Congress could have "vested jurisdiction in federal courts and empowered them to create governing rules of law." *Id*. at 642. Like the antitrust provisions discussed in *Texas Industries, Inc*., the only federal interest in allowing a contribution or indemnification right for the FCRA is the vindication of federal statutory rights. *Meyers v. Freedom Credit Union*, No. CIV.A. 05-3526, 2007 WL 2753172, at *8 (E.D. Pa. Sept. 21, 2007). However, as these rights do "not involve the duties of the Federal Government, the distribution of powers in our federal system, or matters necessarily subject to federal control even in the absence of statutory authority," a "unique federal interest" cannot be found. *Texas Industries, Inc*., 451 U.S. at 642. Nor is there any language in the FCRA or FACTA that suggests that Congress empowered the federal courts to create governing rules with regard to the FCRA.

Additionally, Harris Farms has not cited and the Court has not located any common law that supports finding a common law right to contribution or indemnity under the FCRA. Rather, the available authority supports the conclusion that neither contribution nor indemnity is available under the FCRA. *See McSherry v. Capital One FSB*, 236 F.R.D. 516, 521 (W.D. Wash. 2006)("The Court finds that FCRA does not imply a right to contribution or indemnity for furnishers of information to consumer reporting agencies), *Smith v. Waverly Partners, LLC,* No. 10 Civ. 28, 2011 WL1655592, at *6-7 (W.D.N.C. Apr. 29, 2011)(holding that neither the FCRA itself nor federal common law create rights of contribution or indemnity), *McMillan v. Equifax Credit Info, Servs., Inc*., 153 F. Supp. 2d 129, 132 (D. Conn. 2001)(denying a motion to file a third-party complaint asserting indemnification claim in connection with alleged FCRA violations), *Boatner v. Choicepoint Workplace Soilutions, Inc.*, No. CV 09-1502-MO, 2010 WL 1838727, at *1-2 (D. Or. May 6, 2010)(finding no explicit or implicit right to contribution or indemnification in the FCRA nor a federal common law that would grant such a right); *Anderson*, 2010 WL 4884670, at *4 ("This Court concludes that, based on the decided federal case law,

neither a contribution nor an indemnification claim from an alleged FACTA violation is viable.").

. Harris Farms argues that many of the cases that deny indemnification or contribution in connection with the FCRA do not discuss FACTA specifically. However, Harris Farms has failed to supply the Court with any cases that support indemnification for FACTA. Moreover, as discussed above, the reasoning underpinning the cases refusing to find a right to indemnification or contribution in connection with FCRA appears to support a similar finding with respect to FACTA, as the purposes of FACTA are aligned with those of the FCRA. Thus the Court does not find any federal common law right to indemnification or contribution under FACTA.

As there is no right to indemnification or contribution expressly or implied provided in FACTA nor is it provided through common law, the Court finds there is no right to indemnification or contribution under FACTA.

**B.     Declaratory Relief**

Declaratory relief cannot be brought as an independent claim as it is only a form of relief. *Lane v. Vitek Real Estate Industries Group*, 713 F. Supp. 2d 1092, 1104 (E.D. Cal. 2010). A party seeking declaratory relief must show an actual controversy regarding a matter within the federal court's jurisdiction. *Calderon v. Ashmus*, 523 U.S. 740, 745 (1998). As Harris Farms' existing substantive claims are subject to dismissal, there is not currently an actual controversy before the Court. Hence, the Court does not have jurisdiction to provide declaratory relief.

**C.     Leave to Amend**

Harris Farms seeks leave to amend in order to bring a cause of action for breach of contract against Springer-Miller. Doc. 35 at 15. Harris Farms asserted in their Opposition to the Motion to Dismiss that when Springer-Miller's system printed both the date of expiration as well as the last four digits of the customer's credit card it breached the contract between the two parties. *Id.* As this claim was not previously asserted, the Court grants Harris Farms one opportunity to amend its Third Party Complaint.

## V. **CONCLUSION AND ORDER**

For the reasons discussed above, the Court GRANTS Springer-Miller's motion to dismiss with leave to amend. Any amended complaint shall be filed within twenty (20) days of service of this Memorandum Decision and Order.

IT IS SO ORDERED.

Dated: **December 9, 2014**         **/s/ Lawrence J. O'Neill**
                                    UNITED STATES DISTRICT JUDGE